

**SO ORDERED.**

**SIGNED this 03 day of August, 2007.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **JUBAL JIMMY DAVIS** | **06-01101-5-ATS** |
|     **DEBTOR** | |
| **JUBAL JIMMY DAVIS** | |
|     **Plaintiff** | **ADVERSARY PROCEEDING NO.** |
|     **v.** | **S-06-00145-5-AP** |
| **AMERICAN INVESTMENT BANK, N.A.** **AMERICAN INVESTMENT HOLDINGS, LLC** | |
|     **Defendants.** | |

### DEFAULT JUDGMENT

The matter before the court is the motion filed by Jubal Jimmy Davis, plaintiff, for default judgment against the defendants, American Investment Bank, N.A. and American Investment Holdings, LLC ("defendants"). A hearing took place in Raleigh, North Carolina on August 2, 2007.

The complaint commencing this adversary proceeding was filed on November 6, 2006. The defendants were served with the summons and complaint on November 8, 2006. An amended

summons was issued and served along with the complaint upon the defendant, American Investment Bank, N.A., on March 6, 2007.

In his complaint, the plaintiff seeks to recover preferential payments and other damages from the defendants as a result of an improper wage garnishment. The plaintiff first alleges that within 90 days prior to his chapter 7 bankruptcy filing on July 24, 2006, a total of $805.09 was transferred to the defendants on account of an antecedent debt owed by the plaintiff to the defendants. The funds were transferred in response to an order of garnishment issued to the plaintiff's employer by an Illinois court, at a time when the plaintiff was insolvent. The plaintiff seeks to avoid the preferential payments pursuant to § 522(h) of the Bankruptcy Code, which provides:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
>   (1) such transfer is avoidable by the trustee under section . . . 547 . . . of this title; and
>   (2) the trustee does not attempt to avoid such transfer.

Section 547(b) allows the trustee to avoid a transfer of the debtor's property when made as follows: to a creditor; on account of an antecedent debt owed by the debtor prior to the transfer; while the debtor was insolvent; within 90 days before the debtor filed his petition. The trustee in the plaintiff's bankruptcy case has not attempted to recover these funds and the plaintiff has claimed any preferential payments recovered from the defendants as exempt from property of the bankruptcy estate.

Additionally, the plaintiff alleges that the defendants garnished his paycheck in the amount of $174.00 on April 5, 2006, prior to the 90 day period during which the preferential payments occurred. The plaintiff claims that this garnishment, along with the garnishments during the period immediately prior to the plaintiff's bankruptcy filing, violates various North Carolina debt collection

laws. Under North Carolin. law, wages generally cannot be garnished to satisfy a judgment of a general creditor. Specifically, a debtor's earnings for personal services within 60 days prior to the order providing for garnishment cannot be applied to the debt when it appears that the earnings are necessary to support the debtor's family. N.C. Gen. Stat. § 1-362. Further, the courts have expanded the rule to preclude execution on any of the debtor's future earnings to satisfy a judgment. Harris v. Hinton, 87 N.C. App. 148, 360 S.E. 2d 118 (1987).

At the time the garnishments occurred, the plaintiff was a citizen and a resident of North Carolina, employed by Crate & Barrel. Crate & Barrel is headquartered in Illinois; however, the plaintiff worked in a Raleigh, North Carolina store location. The plaintiff claims that the funds transferred to the defendants represent wages from the plaintiff's personal services and that the funds were needed to provide for the plaintiff and his family.

The plaintiff also claims that the funds taken were exempt from execution pursuant to North Carolina General Statute § 1C-1601(a)(2), which allows an individual ("debtor," under the statute) to retain certain interests in property free of enforcement of claims by creditors. Specifically, a debtor may retain his aggregate interest in any property (up to $5,000.00 in value) of any unused exemption amount allowed under certain other provisions of § 1C-1601, such as the $18,500 exemption for the debtor's residence.

The plaintiff further alleges that the defendants' actions in obtaining the order for garnishment violated North Carolina General Statute § 75-51, which provides:

> No debt collector shall collect or attempt to collect any debt alleged to be due and owing from a consumer by means of any unfair threat, coercion, or attempt to coerce. Such unfair acts include, but are not limited to, the following:
> \* \* \*
> (8) Threatening to take any action not permitted by law.

3

The plaintiff contends that since threatening to take unlawful action is an unfair collection practice, actually taking the unlawful action is also prohibited by the statute, given the inclusive language used in defining "unfair acts." Thus, the plaintiff argues that by collecting the debt in a manner prohibited by North Carolina law, the defendants committed an unfair act in violation of § 75-51.

Finally, the plaintiff contends that damages are available under § 75-56 for violations of Article 2 of Chapter 75 of the North Carolina General Statutes. As a consequence to a debt collector's use of an unfair debt collection action, civil penalties may be imposed of up to $2,000.00 per Article 2 violation. N.C. Gen. Stat. § 75-56; Wall v. City of Raleigh, 121 N.C. App. 351, 465 S.E. 2d 551 (1996). The plaintiffs allege six instances of garnishment in the form of preferential payments, and one garnishment prior to the preferential payments, for a total of seven unfair debt collection acts.

The defendants in this action failed to respond to the plaintiff's complaint. Consequently, the bankruptcy clerk entered a default on May 1, 2007. In addition, the defendants did not respond to the plaintiff's motion for default judgment and did not attend the hearing on the motion. The court therefore assumes that the defendants have no defenses to the allegations raised. Accordingly, the plaintiff is entitled to a default judgment.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the plaintiff, Jubal Jimmy Davis, shall recover from the defendants, American Investment Bank, N.A., and American Investment Holdings, LLC, the sum of $979.09 plus interest at the rate of 4.91 % per annum from the date of this judgment until paid.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that defendants shall pay $3,500.00 in statutory damages to the plaintiff.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the defendants shall pay $1,200.00 in attorney's fees to William E. Brewer, Jr., counsel for the plaintiff, at 619 N. Person Street, Raleigh, North Carolina 27604.

**SO ORDERED.**

**END OF DOCUMENT**